1  **WO**                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eltorna Gant, Sr., | No. CV 10-454-PHX-MHM (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Respondents. | |

On March 1, 2010, Petitioner Eltorna Gant, Sr., who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1), an Application fo Appointment of Counsel (Doc. #3), and an Affidavit, and paid the $5.00 filing fee.

**I.   Petition**

Petitioner was convicted in Pinal County Superior Court, case #CR-2000027076, of first-degree murder and two counts of attempted first-degree murder. He was sentenced to life imprisonment without the possibility of parole on the first-degree murder conviction and 18-year terms of imprisonment for each of the attempted first-degree murder convictions. In his Petition, Petitioner names the State of Arizona as Respondent and the Arizona Attorney General as an Additional Respondent.

**II.   Lack of Personal Jurisdiction**

A petitioner for habeas corpus relief under 28 U.S. § 2254 must name the state **officer** having custody of him as the respondent to the petition. Belgarde v. Montana, 123 F.3d

1210, 1212 (9th Cir. 1997). Typically, this **person** is the warden of the institution where the petitioner is incarcerated. "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Petitioner has named the State of Arizona as Respondent. The State of Arizona, however, is not a proper respondent in a § 2254 habeas corpus petition. Thus, the Court lacks jurisdiction over this case and will dismiss it.

## III. Application for Appointment of Counsel

In his Application for Appointment of Counsel, Petitioner requests counsel because he cannot afford an attorney, the convictions are complicated and serious, and he believes he has "good strong issues' that he wishes to present.

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Petitioner has not made the necessary showing for appointment of counsel at this time, and, therefore, his Application for Appointment of Counsel will be denied without prejudice. If, at a later date, the Court determines that an evidentiary hearing is required, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing Section 2254 Proceedings.

## IV. Leave to Amend

For the foregoing reasons, Petitioner's Petition will be dismissed for lack of jurisdiction. Within 30 days, Petitioner may submit a first amended petition to cure the deficiencies outlined above. The Clerk of Court will mail Petitioner a court-approved form to use for filing an amended petition.

Petitioner is cautioned that if he fails to file his amended petition on the court-approved form included with this Order, it will be stricken and the action dismissed without further notice to Petitioner.

1  Petitioner is advised that the amended petition must be retyped or rewritten in its
2  entirety on the court-approved form and may not incorporate any part of the original Petition
3  by reference. Any amended petition submitted by Petitioner should be clearly designated as
4  such on the face of the document.

5  An amended petition supersedes the original petition. <u>Ferdik v. Bonzelet</u>, 963 F.2d
6  1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542,
7  1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent.
8  <u>Ferdik</u>, 963 F.2d at 1262. Thus, grounds for relief alleged in an original petition which are
9  not alleged in an amended petition are waived. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.
10 1987).

**V.     Warnings**

    **A.     Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.     Copies**

Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

    **C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

. . . .

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) is **dismissed for lack of jurisdiction, without prejudice and with leave to amend**. Petitioner shall have 30 days from the filing date of this Order to file an amended petition in compliance with this Order.

(2) If Petitioner fails to submit an amended petition on the court-approved form within 30 days from the filing date of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action, without prejudice.

(3) Petitioner's Application for Appointment of Counsel (Doc. #3) is **denied** without prejudice.

(4) The Clerk of Court must send Petitioner the current court-approved form for filing a "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty)."

DATED this 21st day of March, 2010.

Mary H. Murguia
United States District Judge